**UNITED STATES of America,
Appellee,**

v.

**Ruth Jean BAPTISTE, Defendant–
Appellant.**

No. 03–1336.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2004.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau New York, NY, for Defendant–Appellant, of counsel.

Michael H. Warren, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Jo Ann M. Navickas, Assistant United States Attorney), Eastern District of New York, for Appellee, of counsel.

Present: FEINBERG, WESLEY, Circuit Judges. and PAULEY, District Judge.*

### SUMMARY ORDER

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. On appeal, defendant contends that pre-indictment delay in her case seriously prejudiced her defense, thereby denying her due process. Defendant's claim is without merit and her conviction is affirmed.

Criminal prosecutions brought within the statute of limitations period bear "a strong presumption of validity" and "are only rarely dismissed." *United States v. Cornielle*, 171 F.3d 748, 751–52 (2d Cir. 1999). Defendant was indicted within the five year statute of limitations applicable to the crime charged. *See* 18 U.S.C. § 3282. Consequently, she "bears [a] 'heavy burden' of proving both that [s]he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued

---

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

by the government for an improper purpose." *Cornielle,* 171 F.3d at 752 (citing *United States v. Scarpa,* 913 F.2d 993, 1014 (2d Cir.1990) (emphasis in original)). Where "delay prejudices the presentation of a defense and is engaged in for an improper purpose it violates the Due Process Clause because such conduct departs from the fundamental notions of 'fair play.'" *Id.*

■ Defendant claims her defense was prejudiced because of the government's delay. Specifically, defendant claims that at the time of trial her mother was not a particularly good witness because of her advanced age and ill health. Such an allegation, however, does not constitute actual prejudice as claims of memory loss resulting from the passage of time are insufficient to warrant dismissal of an indictment on due process grounds. *See, e.g., United States v. Wright,* 343 F.3d 849, 859 (6th Cir.2003). Moreover, defendant offers no causal link between the alleged loss of evidence and the government's delay.

■ Similarly, defendant claims her father's death prior to trial prejudiced her defense. The father's unavailability as a witness, however, does not constitute actual prejudice because the availability of other evidence, including other witnesses, diminishes, or even eliminates, the prejudicial effect of a witness' unavailability. *See, e.g., United States v. McMutuary,* 217 F.3d 477, 482 (7th Cir.2000). Here, defendant and her mother were both available to testify to substantially the same set of facts to which the father would have testified. Additionally, the father's testimony as to those facts was memorialized in a prior unrelated matter and was presented to the jury. Therefore defendant does not establish prejudice.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.